IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAMONT SCOTT, | Case No. 4:17cv296 |
| Petitioner, | JUDGE BENITA Y. PEARSON |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| WARDEN STEVEN MERLAK | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner Lamont Scott, a state prisoner, brought this habeas corpus action under 28 USC §2254 to challenge his conviction. ECF Doc. No. 1. Pursuant to the Magistrate Judge's initial order, Respondent Warden Steven Merlak had until August 28, 2017, to file his return of writ. ECF Doc. No. 6. To date, Warden Merlak has not done so. Scott's motion for summary judgment is currently before the court. ECF Doc. No. 8. Essentially Scott seeks default judgment for Warden Merlak's failure to respond.

The court "recognizes the need to expeditiously adjudicate a habeas corpus petition, particularly because there is always a possibility that a prisoner may be wrongfully detained." *Mahaday v. Cason*, 222 F. Supp. 2d 918, 922 (E.D. Mich. 2002). Nonetheless, Scott's motion should be denied because default judgments are not appropriate in habeas proceedings based on a respondent's failure to answer. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (superseded on other grounds by statute); *See also Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990)("The

failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1987)("a default judgment is not contemplated in habeas corpus cases."); *Jackson v. Lazaroff*, No. 1:16CV2072, 2017 WL 3098578, at *3 (N.D. Ohio June 13, 2017), report and recommendation adopted, No. 1:16 CV 2072, 2017 WL 3088252 (N.D. Ohio July 19, 2017) ("default judgments are not available in federal habeas corpus cases."); *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)(denying a motion for summary judgment "because to do so would be tantamount to granting [p]etitioner a default judgment, which is relief that is unavailable in habeas corpus proceedings.")  "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner" and the state's failure to file a timely response "does not relieve the prisoner of his burden of proof." *Allen*, 424 F.2d at 138; *citing Jones v. Russell*, 396 F.2d 797 (6th Cir.1968) and *Gray v. Johnson,* 354 F.2d 986 (6th Cir. 1965).  Furthermore, "[r]eleasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time." *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994).  For the aforementioned reasons, I recommend denial of Scott's motion for summary judgment (ECF Doc. No. 8).

Dated: September 22, 2017

Thomas M. Parker
United States Magistrate Judge

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file

2

objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).