IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT SCOTT, | ) | Case No. 4:17-cv-296 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| STEVEN MERLAK, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Lamont Scott, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  In his petition, Scott argues that the Federal Bureau of Prisons (the "BOP") should have credited against his federal sentence the 300 days he spent in state custody before his federal and state sentences were imposed ("Ground One").  ECF Doc. 1 at 7–9.  Scott also contends that the district court improperly ordered that his federal sentence be served consecutive to his then not-yet-imposed state sentence, because the district court's order: (1) was an "anticipatory judgment" frustrating the state court's sentencing options, in violation of the principles of federalism ("Ground Two"); (2) stayed or enjoined state court proceedings, in violation of 28 U.S.C. § 2283 ("Ground Three"); and (3) was substantively and procedurally unreasonable ("Ground Four").  Id. at 9–23.  Respondent, Warden Steven Merlak, filed a return of writ, arguing that Scott's petition should be denied because his federal sentence was properly computed.  ECF Doc. 13.[1]  Because the BOP properly computed Scott's sentence, I recommend

---

[1] Warden Merlak does not challenge whether Scott exhausted his administrative remedies.  See Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 231 (6th Cir. 2006) (stating that a federal prisoner must exhaust administrative

that Scott's Ground One claim be DENIED.  Because Scott has not shown that a 28 U.S.C. § 2255 motion would have been inadequate or ineffective to address his challenges to the district court's sentencing order, I recommend that Scott's Grounds Two through Four claims be DISMISSED.

## I.      Background

On December 14, 2011, the Montgomery County Court of Common Pleas ("MCCCP") sentenced Scott to five years' probation after he was convicted of having weapons while under disability, in violation of Ohio Rev. Code § 2923.13(A)(2).  ECF Doc. 13-2 at 3; *see also* Docket for Montgomery Cty. Ct. Com. Pl. Case No. 2011-cr-3160.[2]  On December 11, 2012, an Ohio probation violation petition alleged that Scott violated his probation, when he was arrested for possession of drugs on June 21, 2012, and driving under the influence of alcohol on December 6, 2012.  ECF Doc. 13-2 at 4; *see also* Docket for Montgomery Cty. Ct. Com. Pl. Case No. 2011-cr-3160.

On February 21, 2013, an Ohio grand jury indicted Scott on one count of possession of heroin, in violation of Ohio Rev. Code § 2925.11(A), and one count of having weapons while under disability, in violation of Ohio Rev. Code § 2923.13(A)(2).  Docket for Montgomery Cty. Ct. Com. Pl. Case No. 2012-CR-03450, Indictment.  The Montgomery County Court of Common Pleas issued a warrant for Scott's arrest.  *Id.*, Warrant on Indictment.  On May 15, 2013, Ohio police executed the warrant at Scott's home in Trotwood, Ohio.  ECF Doc. 1-2 at 5; ECF Doc. 13-2 at 5.  At Scott's residence, police found drugs that Scott intended to distribute,

---

remedies before filing a § 2241 petition).  Nevertheless, Scott exhausted his administrative remedies for the claims raised in his petition by first raising them in informal grievances, formal grievances, regional appeals, and central office appeals.  ECF Doc. 13-1 at 5–24; *see* 28 C.F.R. §§ 542.10–542.19 (BOP Administrative Remedy Program).
[2] The court may take judicial notice of Scott's proceedings before other courts of record.  *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." (quotation omitted)).

$61,000 cash, and firearms connected to Scotts' drug activity.  ECF Doc. 1-2 at 5; ECF Doc. 13-2 at 5; *see also* CM/ECF for S.D. Ohio Case No. 3:13-cr-151, Doc. 6 (Information).  On October 10, 2013, the United States filed a two-count information, charging Scott with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 1"), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count 2").  ECF Doc. 1 at 3; *see also* CM/ECF for S.D. Ohio Case No. 3:13-cr-151, Doc. 6 (Information).  Scott remained in Ohio custody.  ECF Doc. 1 at 3.

On November 6, 2013, Scott pleaded guilty in the Ohio trial court to the possession of heroin count.  ECF Doc. 13-2 at 3, 6; *see also* Docket for Montgomery Cty. Ct. Com. Pl. Case No. 2012-CR-03450, Entry of Waiver and Plea.  The weapon under disability count was dismissed pursuant to Scott's plea agreement.  Docket for Montgomery Cty. Ct. Com. Pl. Case No. 2012-CR-03450, Entry of Waiver and Plea.

On November 7, 2013, November 15–19, 2013, December 9, 2013, and March 11–12, 2014, the U.S. Marshal's Service received Scott from the Montgomery County Jail, pursuant to writs of habeas corpus ad prosequendum ordering the U.S. Marshal's Service and the warden of the Montgomery County Jail to have Scott appear for hearings before the Southern District of Ohio.  ECF Doc. 13-2 at 14–23.  On November 19, 2013, Scott pleaded guilty in the Southern District of Ohio to both the possession with intent to distribute cocaine and felon in possession counts.  *Id.* at 2; CM/ECF for S.D. Ohio Case No. 3:13-cr-151, Docs. 16 and 19.  On March 12, 2014, the Southern District of Ohio sentenced Scott to:

> 96 months in Count 1; and 96 months in Count 2.  Said sentences shall be served concurrently to each other for an aggregate sentence of 96 months, but consecutively to the undischarged and not yet sentenced matter pending in the Montgomery County Common Pleas Court.  See Setser v. United States, 132 S. Ct. 1463 (2012).

ECF Doc. 1-1 at 2.  Thereafter, Scott was returned to the Montgomery County authorities.  ECF Doc. 13-2 at 23; *see also* ECF Doc. 1 at 3.  Scott did not appeal his sentence or file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

On March 12, 2014, the MCCCP sentenced Scott to a two-year prison term for the remaining heroin possession count in *Ohio v. Scott*, Montgomery Cty. Ct. Com. Pl. Case No. 2012-cr-3450.  ECF Doc. 13-2 at 31, 36.  The MCCCP ordered that Scott's state sentence be served concurrently with the federal sentence imposed in *United States v. Scott*, S.D. Ohio Case No. 3:13-cr-151.  *Id.* at 31. The MCCCP also ordered that Scott "be immediately transported and delivered to the Ohio Department of Rehabilitation and Correction to begin serving the above sentence(s) imposed by the Court."  *Id.*  On March 13, 2014, the Ohio Department of Rehabilitation and Correction received Scott for service of his two-year sentence.  *Id.* at 33.  The Ohio Department of Rehabilitation and Correction credited against Scott's state sentence the 300 days he was in state custody between May 16, 2013, and March 11, 2014.  *Id.* at 32–33, 36.  Scott's state prison term was set to expire on May 16, 2015.  *Id.* at 33.  On March 19, 2014, the Ohio Department of Rehabilitation and Correction sent the U.S. Marshal's Service a letter, acknowledging that it had received a federal detainer.  *Id.* at 7, 34.

On November 5, 2014, Scott filed a "motion to execute the federal sentence and transfer incarcerated defendant to federal custody."  *Id.* at 35; CM/ECF for S.D. Ohio Case No. 3:13-cr-151, Doc. 38.  The Southern District of Ohio overruled Scott's motion on November 17, 2015, because the court had ordered his federal sentence to be served consecutively to his state sentence.  CM/ECF for S.D. Ohio Case No. 3:13-cr-151, entry dated Nov. 17, 2015.

On May 14, 2015, the Ohio Department of Rehabilitation and Correction released Scott to federal authorities pursuant to the federal sentencing detainer.  ECF Doc. 13-2 at 7, 17, 37.

4

On July 15, 2015, Scott filed an unopposed 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, based on Amendment 782's two-level reduction in the offense level points assessed for drug offenses under U.S.S.G. § 2D1.1.  *Id.* at 38–42.  On May 16, 2015, the Southern District of Ohio granted Scott's § 3582(c)(2) motion, and reduced his aggregate prison term from 96 months to 78 months.  *Id.* at 43–44.  The court also ordered that all other provisions in Scott's judgment remained unchanged.  *Id.*

Based on the Southern District of Ohio's order reducing Scott's aggregate prison term, the BOP computed a full-term expiration date of November 12, 2021, and a projected release date of February 6, 2021.  ECF Doc. 13-1 at 3–4; ECF Doc. 13-2 at 45–46;.  The BOP noted that Scott's federal sentence began on May 14, 2015, when he was released by state authorities to federal authorities pursuant to the federal sentencing detainer.  ECF Doc. 13-1 at 4; ECF Doc. 13-2 at 46.  The BOP credited Scott with one day of prior custody credit for the jail time he served on May 15, 2013, which had not been credited against any other sentence.  ECF Doc. 13-1 at 4; ECF Doc. 13-2 at 32, 46.

## II.     Discussion

### A.     Applicable Legal Standard

A federal prisoner seeking to challenge the execution of his sentence or the manner in which it is served may petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Lewis v. United States*, 50 F. App'x 294, 294 (6th Cir. 2002) (stating that a federal prisoner's challenge to the computation of sentencing credits falls under § 2241).  There is no statute of limitations for a federal prisoner's § 2241 petition, and it must be filed in the district court that has jurisdiction over his custodian.  *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *Peterman*, 249 F.3d at 461.  A district

court reviewing the BOP's sentencing credit computations must defer to any computation based on a reasonable interpretation of the relevant statute.  *See Nittolo v. Rushing*, No. 4:09-cv-2666, 11 U.S. Dist. LEXIS 27714 *9–10 (N.D. Ohio 2011) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984), and *Reno v. Koray*, 515 U.S. 50, 60 (1995)).

When a federal prisoner seeks to challenge the legality of his sentence, however, the primary avenue for relief is a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence.  *See Peterman*, 249 F.3d at 461; *see also Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("[T]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.").  A federal prisoner must file his § 2255 motion in the district court that sentenced him.  *See Peterman*, 249 F.3d at 461.  There is a one-year statute of limitations for § 2255 motions.  *Wooten*, 677 F.3d at 306.

"[A] federal prisoner may . . . challenge the validity of his . . . sentence under § 2241 if § 2255 is 'inadequate or ineffective to test the legality of his detention,' according to the 'savings clause' of 28 U.S.C. § 2255."  *Peterman*, 249 F.3d at 461 (quoting 28 U.S.C. § 2255(e)); *see also Charles*, 180 F.3d at 756 (stating that the petitioner has the burden to show a § 2255 motion would be inadequate or ineffective).  A § 2255 motion is not "inadequate or ineffective" merely because the trial court denied his § 2255 motion, the petitioner is procedurally barred from filing a § 2255 motion, or the court of appeals denied petitioner leave to file a second or successive § 2255 motion.  *Charles*, 180 F.3d at 756.  A § 2255 motion is also not rendered inadequate or ineffective when the federal prisoner believes that the trial judge would be biased, failed to file a § 2255 motion within the one-year statute of limitations period, or wishes to by-pass 28 U.S.C. § 2244's successive certification procedures.  *Id.* at 758.  Instead, the exceptional circumstances rendering § 2255 an inadequate or ineffective remedy arise only when the petitioner has an

"actual innocence" claim that he cannot present due to the restrictions on second or successive § 2255 motions.  *See Peterman*, 249 F.3d at 461–62; *see also Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  Allegations of sentencing errors may not serve as the basis of an "actual innocence" claim for purposes of the savings clause.  *Peterman*, 249 F.3d at 462; *Bannerman*, 325 F.3d at 724.

*Pro se* habeas petitions are liberally construed.  *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quotation omitted) (noting that, in some cases, courts may need to actively interpret *pro se* petitions to include any allegation stating federal relief).  Nevertheless, the Sixth Circuit has directed district courts to avoid recharacterizing purported § 2241 petitions as § 2255 motions without prior notice, warning the petitioner about the potential adverse consequences of such a construction.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  When a petitioner seeks § 2241 relief under the savings clause, the district court should rule on the habeas petition, rather than transfer the case to the appellate court as an application to file a successive motion to vacate.  *See Truss v. Davis*, 115 F. App'x 772, 774 (6th Cir. 2004) (citing *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000)).

### B.    Sentence Computation

Scott's Ground One claim argues that the BOP should have credited against his federal sentence the 300 days he spent in state custody before his federal and state sentences were imposed.  ECF Doc. 1 at 7–9.  Scott asserts that "the plain language of the district court's sentencing order means that the discharged . . . portion of Scott's state sentence is to run concurrently with Scott's federal sentence."  *Id.* at 8.  He contends that, because the state court credited 300 days against his state sentence for the time he spent in pre-sentencing confinement, those 300 days were "discharged" at the time his federal sentence was imposed.  *Id.* at 9.  Thus,

Scott contends that Southern District of Ohio's sentencing order required the BOP to credit those days against his federal sentence. *Id.* Liberally construed, Scott also contends that the BOP should have credited against his federal sentence the entire time he spent serving his state sentence, because the state trial court ordered that his state sentence be served concurrently with his federal sentence. *Id.* at 7–23.

Warden Merlak responds that, because Scott was in Ohio custody from his arrest on May 15, 2013, until he was released to the federal sentencing detainer on May 16, 2015, his federal sentence did not commence until May 16, 2015. ECF Doc. 13 at 9–14 (noting that Scott remained in primary Ohio custody when federal authorities "borrowed" him pursuant to writs of habeas corpus ad prosequendum). Merlak argues that, because the Southern District of Ohio ordered that Scott's federal sentence to be served consecutively to his state sentence and the state credited the 300 days spent in presentencing confinement against his state sentence, the BOP reasonably did not credit that time against his federal sentence. *Id.* at 15–17. Merlak contends that the BOP properly credited against Scott's federal sentence only the one day – May 15, 2013 – that was not credited against any other sentence. *Id.* at 16.

Under 18 U.S.C. § 3585, the BOP is delegated the task of computing a federal prisoner's release date. 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331 (1992) (noting that the Attorney General delegated his sentence computation authority to the BOP). In discharging this duty, the BOP must determine the amount of time to be credited against the prisoner's federal sentence for "any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b); *see also Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."). In determining when a defendant's sentence commences, the

BOP must look to, *inter alia*, the district court's decision regarding whether the defendant's sentence should run concurrently or consecutively to any other sentences imposed upon the prisoner.  *See* 18 U.S.C. § 3584; *Setser v. United States*, 566 U.S. 231, 235–37 (2012) (holding that Congress, in enacting 18 U.S.C. § 3584, did not foreclose district courts from exercising their "long . . . understood . . . discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences," including pending, but not-yet-imposed state sentences).  "Multiple terms of imprisonment imposed at different times run consecutively, unless the [district] court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  A state court's commentary on whether a state sentence should run concurrently or consecutively to the prisoner's federal sentence is irrelevant to the BOP's computation. *Cf. Setser*, 566 U.S. at 241 ("If a prisoner . . . starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the district court or the Bureau of Prisons – that decides whether he will receive credit for the time served in state custody.").

The Bureau of Prisons properly computed Scott's sentence.  *Nittolo*, No. 4:09-cv-2666, 2011 U.S. Dist. LEXIS 27714 *9; *see also* 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331 (1992).  First, Scott misinterprets the Southern District of Ohio's sentencing order.  A plain reading of that order – that Scott's federal sentence should run "consecutively to the undischarged and not yet sentenced matter pending in the Montgomery County Common Pleas Court" – unambiguously indicates that the court intended Scott's federal sentence to run consecutive to the entirety of Scott's state sentence.  ECF Doc. 1-1 at 2.  Here, "undischarged" does not refer to Scott's state sentence; rather, it refers to the "matter pending" before the MCCCP, *i.e.* Scott's then not-yet-completed state criminal case.  The Southern District of Ohio's

order overruling Scott's motion to accelerate the execution of his sentence further supports this reading.  CM/ECF for S.D. Ohio Case No. 3:13-cr-151, entry dated Nov. 17, 2015.  Moreover, a contrary reading – that the Southern District of Ohio intended to credit against his federal sentence the time Scott spent in pre-sentence state custody – is impermissible, as "[a] district court . . . cannot [award sentencing credits] at sentencing."  *United States v. Wilson*, 503 U.S. at 333.  Thus, the BOP properly determined that Scott's federal sentence was to be served consecutively to the entirety of his state sentence.

Second, the BOP reasonably determined that Scott should receive only one day of sentencing credit.  Because the Scott's prior custody on May 15, 2013, was not credited against any other sentence, the BOP properly credited that day against his federal sentence.  18 U.S.C. § 3585(b); ECF Doc. 13-1 at 4; ECF Doc. 13-2 at 32, 46.  On the other hand, because the 300 days Scott spent in state custody between May 16, 2013, and March 11, 2014, had already been credited against his state sentence, the BOP could not credit those days against Scott's consecutive federal sentence.  18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337; ECF Doc. 13-2 at 32–33, 36.  The MCCCP's order – that Scott's state sentence should run concurrently to his federal sentence – is irrelevant to this calculation.  *Cf. Setser*, 566 U.S. at 241; ECF Doc. 13-2 at 31, 36.  Because Scott was in state custody, served his state sentence, and then entered federal custody, the federal government – and not the State of Ohio – had the authority to determine what credit Scott received for the time he spent in state custody.  *Setser*, 566 U.S. at 241. Accordingly, I recommend that Scott's Ground One claim challenging the BOP's sentencing credit computation be DENIED.

### C.    Sentence Validity

In Grounds Two through Four, Scott collaterally attacks the validity of his sentence, by asserting that the Southern District of Ohio lacked the authority to, or unreasonably, ordered that his federal sentence be served consecutively to his then not-yet-imposed state sentence.  ECF Doc. 1 at 9–23.  Claims attacking the validity of a sentence must ordinarily be brought in a § 2255 motion.  *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 758.  To bring these claims in a § 2241 petition, Scott must show that they fall within § 2255's savings clause.  *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 756.  In other words, Scott must show that a § 2255 motion would "inadequate and ineffective" to address his claims.  *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 756; 28 U.S.C. § 2255(e).  Because Scott's Grounds Two through Four claims allege only sentencing errors, and do not allege that he is "actually innocent," his claims do not fall within 2255's saving's clause.  *Peterman*, 249 F.3d at 462; *Bannerman*, 325 F.3d at 724.  Accordingly, I recommend that Scott's Grounds Two through Four claims be DISMSISED.

Furthermore, because Scott's petition was not filed within the one-year limitations period for filing § 2255 motions, I recommend that the court decline to construe Scott's § 2241 petition as a § 2255 motion.  *Wooten*, 677 F.3d at 306; *Franklin*, 765 F.2d at 85.  Thus, the court does not need to warn Scott about the potential consequences that would accompany such a construction. *Cf. In re Shelton*, 295 F.3d at 622.

### III.     Summary

Because the BOP properly computed Scott's sentence, I recommend that Scott's Ground One claim be DENIED.  Because Scott has not shown that a § 2255 motion would have been inadequate or ineffective to address his challenges to the district court's sentencing order, I recommend that Scott's Grounds Two through Four claims be DISMISSED.

Dated: April 16, 2019

Thomas M. Parker
United States Magistrate Judge

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).